IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MANUEL A. RODRIGUEZ, et al., | * | |
| PENELOPE  D. CAMP, | * | |
| and | * | CIVIL ACTION NO.: |
| CHRISTOPHER P. STAVROU | * | 1:19-cv-2077 |
| Plaintiffs, | * | COLLECTIVE ACTION |
| v. | * | |
| HOWARD COUNTY, MARYLAND | * | |
| d/b/a HOWARD COUNTY POLICE DEPARTMENT | | |
| a municipal corporation of the State of Maryland | * | |
| SERVE ON: | * | |
| ALLAN H. KITTLEMAN | | |
| COUNTY EXECUTIVE | * | |
| 3430    Courthouse Drive | | |
| Ellicott City, MD 21043 | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## VERIFIED COMPLAINT

Plaintiffs,   Penelope  D.  Camp  ("Camp" ),  Manuel  A.  Rodriguez  ("Rodriguez"),  and

Christopher  P.  Stavrou  ("Stavrou"),  (individually  and  collectively  "Plaintiffs"),  on  behalf  of

themselves  and  all  others  similarly  situated,  through  their  undersigned  counsel,  hereby  file  this

Verified  Complaint  in  the  above-referenced  matter  and  sue  the  Defendant,  Howard  County,

Maryland,  d/b/a  Howard  County  Police  Department  (the  "County"),  seeking  to  recover  unpaid

wages, liquidated damages, interest, reasonable attorneys fees and costs, and injunctive relief under

Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. **§§** 201 *et seq.* (the "FLSA"), and in support thereof, state as follows:

## THE PARTIES

1.      Camp is an adult resident of Queen Creek, Arizona, and at all times herein relevant was employed by the County as a police officer in its Child Abuse and Sexual Assault Division.

2.      Rodriguez is an adult resident of Howard County Maryland and is employed by the County as a police officer in its Patrol Division.

3.      Stavrou is an adult resident of Howard County Maryland and is employed by the County as a police officer in its Patrol Division.

4.      The County is a municipal corporation of the State of Maryland which maintains the Howard County Police Department as an agency of government.

## JURISDICTION AND VENUE

5.      Original jurisdiction over the FLSA claims is expressly provided by FLSA, 29 U.S.C. **§§** 207 *et seq.* Jurisdiction over the FLSA claims is also provided by 28 U.S.C. **§** 1331, as this matter is a civil action arising under the laws of the United States.

6.      Venue in this Court is proper pursuant to 28 U.S.C. **§** 1391(b), as the unlawful acts giving rise to this matter occurred within the State of Maryland and this district.

## COMMON FACTS

7.      Plaintiffs and all others similarly situated were "employees" of the County, as that term is defined under the FLSA.

8.      At all times through their employment with the County, Plaintiffs and all others similarly situated were entitled to overtime pay under the FLSA.

2

9.      The County was the "employer" of Plaintiffs and all others similarly situated, as that term is defined under the FLSA.

10.     At all times herein relevant, the County was subject to FLSA.

11.     At all times herein relevant, the County controlled the administration of the police department and set the work schedules of Plaintiffs and all others similarly situated.

12.     At all times herein relevant, the County possessed and exercised authority to determine the hours worked by Plaintiffs and all others similarly situated.

13.     At all times herein relevant, the County had the authority to control the tasks performed by Plaintiffs and all others similarly situated.

14.     At all times herein relevant, the County had the power and authority to change the nature of the duties performed by Plaintiffs and all others similarly situated.

15.     At all times herein relevant, the County made all decisions relating the rates and methods of pay of Plaintiffs and all others similarly situated, including but not limited to the payment of overtime.

16.     At all times herein relevant, the work periods ("Work Periods"), and corresponding work hours ("Work Hours"), applicable to Plaintiffs and all others similarly situated for purposes of the number of hours worked before overtime pay was required under the FLSA was as follows: (i) 84 hours in each 14 day work period for day shift employees in the Patrol Division; (ii) 72 hours in each 12 day work period for night shift employees in the Patrol Division; (iii) 142.5 hours in each 25 day work period for employees in the Traffic Enforcement Section except the employee assigned as the administrative officer within the Traffic Enforcement Section; and (iv) 160 hours in each 28 day work period for all other employees,

3

including the employee assigned as the administrative officer within the Traffic Enforcement Section.

17.     At all times herein relevant, Plaintiffs and all others similarly situated were compensated on an hourly basis plus, inter alia, one or more of the following: quarterly specialty pay, two hours per week at a rate calculated at one and one-half times their contractually stated hourly rate ("XL Pay"), a payment each pay period for employees who decline to participate in the County's health insurance benefit ("Flex Cash"), a stated hourly rate for employee who are on-call ("On-Call Pay"), and shift differential.

18.     At all times herein relevant through July 2017, the annual specialty pay categories applicable to Plaintiffs and all others similarly situated were set forth in collective bargaining agreements dated July 1, 2014 and July 1, 2017 between the Defendant and FOP Lodge 143, Howard County Police Supervisors' Alliance (the "Sergeant Agreements"), and July 1, 2014 and July 1, 2017 between Defendant and Howard County Police Officer's Association Lodge 21 (the "Officer Agreements").

19.     The Sergeant Agreements, the Officer Agreements and/or the Defendant's policies and practices included additional non-discretionary payments to Plaintiffs and others similarly situated, including but not limited to specialty pay, XL Pay, Flex Cash, On-Call Pay, and shift differential.

20.     At all times herein relevant, annual specialty pay was pyramided such that employees who qualified for more than one specialty pay category were entitled to receive all specialty pay available to that employee.

21.     At all times herein relevant, during their applicable Work Periods, Plaintiffs and

4

all others similarly situated frequently worked in excess of their applicable Work Hours, such that overtime pay was earned and due under the FLSA.

22.     The County knew that Plaintiffs and all others similarly situated frequently worked in excess of their applicable Work Hours and suffered and/or permitted them to do so.

23.     In those instances where overtime pay was earned and due under the FLSA, the County failed to properly calculate the regular hourly rate by failing to include the specialty pay, and/or XL Pay, and/or Flex Cash, and/or On-Call Pay, and/or shift differential, and/or other non-discretionary pay applicable to Plaintiffs and all others similarly situated, and by improperly utilizing all hours actually worked as a divisor in that calculation.

24.     As a consequence of the County's illegal pay practice regarding the calculation of the regular hourly rate, Plaintiffs and all others similarly situated were not fully compensated for their overtime hours worked.

25.     In those instances where overtime pay was earned and due under the FLSA, the County failed to timely compensate Plaintiffs and all others similarly situated, such that employees were often paid a month or more beyond the pay period in which the overtime was worked.

26.     As a consequence of the County's illegal pay practice regarding the timing of compensation, Plaintiffs and all others similarly situated were deprived of the use of monies justly due and earned.

27.     The County has been aware of the illegal pay practices described above since, at the very latest, September 2017, when those practices were the subject of a lawsuit alleging that those practices violation the overtime requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28.    The County employed Plaintiffs and all others similarly situated to work as police officers.

29.    The FLSA requires employers to compensate non-exempt employees such as Plaintiffs and all others similarly situated, overtime wages for hours worked over the applicable Work Hours in each applicable Work Period.

23.    The County knew that Plaintiffs and all others similarly situated frequently worked more than the applicable Work Hours in each applicable Work Period and suffered and/or permitted them to do so.

24.    The County knew or should have known that Plaintiffs and all others similarly situated were entitled to overtime payments, were entitled to have their applicable specialty pay, and/or XL Pay, Flex Cash, On-Call Pay, and/or shift differential,  and/or other non-discretionary pay included in the calculation of their regular hourly rate, and were entitled to the timely payment of overtime.

25.    Plaintiffs and all others similarly situated are subject to the same unlawful practices described in this Complaint.

26.    Pursuant to the FLSA, Plaintiffs commence this collective action against the County on behalf of themselves and all others similarly situated for the payment of wages owed for all overtime hours worked, at an overtime rate of not less than one and one half times their regular rates, with such rated calculated to include the applicable specialty pay, and/or XL Pay, and/or shift differential, and/or Flex cash, and/or On-Call Pay, and/or other non-discretionary pay, and to be paid on a timely basis.

6

27.     There are numerous similarly situated current and former employees of the County that have been harmed by the County's illegal pay practices.

28.     All similarly situated current and former employees are readily identifiable through the County's records.

29.     Upon information and belief, similarly situated current and former employees would benefit from the issuance of court-supervised notice, granting them the opportunity to opt in and join in this action.

30.     Upon information and belief, similarly situated current and former employees will choose to opt in and join in this action.

## COUNT I-VIOLATION OF THE FLSA

31.     Plaintiffs hereby incorporate by this reference each and every allegation contained in Paragraphs 1 through 31 inclusive.

32.     As described above, Plaintiffs and all others similarly situated were entitled to overtime compensation under the FLSA at one and one half times their regular hourly rate for each overtime hour worked.

33.     The FLSA mandates that the County include specialty pay, and/or XL Pay, and/or shift differential, and/or Flex Cash, and/or On-Call Pay, and/or other non-discretionary pay in connection in the calculation of the applicable regular hourly rate and timely compensate employees for the overtime they work, and required that the proper divisor in that calculation be the hours worked in the normal non-overtime workweek.

34.     The County's failure to include specialty pay, and/or XL Pay, and/or Flex Cash, and/or On-Call Pay, and/or shift differential,  and/or other non-discretionary pay in connection

with that calculation, and its inclusion of all hours worked in the divisor, has resulted in the underpayment of overtime compensation to Plaintiffs and all others similarly situated.

35.    The County's failure to properly pay overtime compensation was    in   bad   faith and without reasonable grounds to believe that its pay practices complied with the requirements of the FLSA.

36.    The County's failure to properly pay overtime compensation was willful, as that term is defined under the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for the following relief:

a)    Designation of this action as a collective action on behalf of Plaintiffs and all others similarly situated;

b)    Judgment against the County for its failure to pay Plaintiffs and all others similarly situated in accordance with the standards set forth in the FLSA;

c)    An award against the County for the amount of unpaid overtime wages owed at a rate not less than one and one half times the regular hourly rate, with such rate to be calculated by including applicable specialty pay, and/or XL Pay, and/or Flex Cash, and/or On-Call Pay, and/or shift differential, and/or other non-discretionary pay, and the regular non-overtime workweek as the divisor;

d)    An award against the County for liquidated damages equal to the amount of unpaid overtime wages owed under the FLSA;

e)    An award against the County for reasonable attorney's fees and costs of this action;

8

f)      Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms;

g)      Injunctive relief on such terms as are determined to be appropriate by this Court; and

h)      Such other relief as is deemed just and equitable by this Court.

## VERIFICATION

I/We hereby declare under penalties of perjury and upon personal knowledge that the factual allegations made in this Verified Complaint are true and correct to the best of our knowledge, information and belief.

Penelope D. Camp

Manuel A. Rodriguez

Christopher P. Stavrou

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a jury trial pursuant to Federal Rule of Civil Procedure 38.

9

Respectfully submitted

Leonard H. Pazulski, Esq.
Bar Number 04665
5074 Dorsey Hall Drive, Suite 204
Ellicott City, MD 21043
Tel. (443) 756-5227
lpazulski@aol.com
Fax (410) 531-8402
Attorney for Plaintiffs